E-FILED
Tuesday, 17 March, 2015  03:18:20 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT F



| | |
|---|---|
| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN STREET<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX | BEIJING   HONG KONG   SHANGHAI<br>BOSTON   HOUSTON   SINGAPORE<br>BRUSSELS   LONDON   SYDNEY<br>CHICAGO   LOS ANGELES   TOKYO<br>DALLAS   NEW YORK   WASHINGTON, D.C.<br>FRANKFURT   PALO ALTO<br>GENEVA   SAN FRANCISCO |
| jducayet@sidley.com<br>(312) 853 7621 | FOUNDED 1866 |

August 29, 2014

**By Email**

Jeffrey S. Abraham
Abraham, Fruchter & Twerksy, LLP
One Penn Plaza
Suite 2805
New York, NY 10119

Re:  **Demand on Board of Caterpillar Inc. ("Caterpillar")**

Dear Mr. Abraham:

This letter is in response to your letter of June 25, 2014, addressed to the Board of Directors of Caterpillar (the "Board"). Your letter, which is written on behalf of Robert Lowinger and Issek Fuchs, purported shareholders of Caterpillar, alleges claims against various current and former officers and directors of Caterpillar relating to Caterpillar's acquisition of ERA Mining Machinery Ltd. (the "Acquisition"), and demands that Caterpillar "institute litigation," if warranted, against those officers and directors for breaches of fiduciary duty to the Company.

As you may be aware, a group of purported Caterpillar shareholders have filed derivative lawsuits in the United States District Court for the Central District of Illinois related to the Acquisition. Those lawsuits have been consolidated under the caption *In re Caterpillar Inc. Shareholder Derivative Litigation*, Master Docket No. 1:13-cv-1104-SLD-JAG (the "Derivative Litigation"). The Derivative Litigation raises essentially the same claims as those asserted in your letter and expressly alleges that a pre-suit demand on the Board would be futile.

The Board considered your letter. The Board strongly disagrees with the contention in the Derivative Litigation that a demand on the Board would be futile and is in the process of contesting this issue in the Derivative Litigation. Given that the Derivative Litigation will necessarily address the issue of whether a demand is required, the Board has determined that it would not be a prudent expenditure of time and resources for it to conduct additional inquiry into the allegations raised in your letter at this point in time. Instead, because the Company is expending time and resources to defend against the Derivative Litigation plaintiffs' contention

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.



Jeffrey S. Abraham
August 29, 2014
Page 2

that demand on the Board is futile, the Board believes that it is appropriate first to litigate that contention before addressing the demands in your letter. *See, e.g., Piven v. Ryan et al.*, 2006 WL 756043 (N.D. Ill. Mar. 23, 2006); *MacCoumber v. Austin et al.*, 2004 WL 1745751 (N.D. Ill. Aug. 2, 2004). The Board will monitor the progress of the Derivative Litigation and will consider your letter at a later point in time, as circumstances warrant.

                                               Very truly yours,

                                               James W. Ducayet

cc:    Gary S. Graifman