UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ROBERT LOWINGER and ISSEK FUCHS, Derivatively on Behalf of CATERPILLAR INC.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>DOUGLAS R. OBERHELMAN, EDWARD J. RAPP, STEVEN H. WUNNING, and LUIS De LEON,<br><br>　　　　　　Defendants,<br><br>-and-<br><br>CATERPILLAR INC., a Delaware Corporation,<br><br>　　　　　　Nominal Defendant | Case No. 15-cv-01109 |

## **MOTION TO DISMISS**

Defendants Douglas R. Oberhelman, Edward J. Rapp, Steven H. Wunning, and Luis de Leon (the "Individual Defendants") and Nominal Defendant Caterpillar Inc. ("Caterpillar" or the "Company," and, collectively with the Individual Defendants, "Defendants"), through their undersigned counsel, hereby move this Court, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 23.1(b)(3), for an Order dismissing the Verified Shareholder Derivative Complaint (the "Complaint") without prejudice.  In support of this Motion, Defendants submit the accompanying Memorandum of Law ("Memorandum") and state:

1.      As explained in the accompanying Memorandum, under Federal Rule of Civil Procedure 23.1 and applicable Delaware law, a plaintiff cannot sue in a corporation's name, as Plaintiffs here seek to do on behalf of Caterpillar, without first pleading with particularity that either (1) the shareholder has demanded that the directors pursue the corporate claim and the directors have wrongfully refused to do so; or (2) pre-suit demand is excused because the directors are deemed incapable of making an impartial decision regarding the pursuit of the litigation.  *Wood v. Baum*, 953 A.2d 136, 140 (Del. 2008); Fed. R. Civ. P. 23.1.  Here, Plaintiffs made a pre-suit demand (the "Demand") on the Caterpillar Board of Directors (the "Board"), which they allege was "effectively refused" by the Board.  (Compl. ¶¶ 59, 71.)  This claim must be dismissed for two reasons.

2.      ***First***, Plaintiffs have not and cannot plead with particularity facts to support that their Demand was refused, because the Caterpillar Board only deferred consideration of the Demand and explicitly did *not* reject it.  Courts repeatedly have held that it is appropriate for a board to defer consideration of a demand for a period of time due to the pendency of parallel litigation, and the Caterpillar Board's decision to do so here was not a rejection of the Demand.  *See, e.g.*, *Hays v. Dvorak*, C.A. No. 9768–CB (Del. Ch. Dec. 15, 2014) (Oral Rulings of the Court at 39–47) (Ex. B to Memorandum); *Piven v. Ryan*, No. 05 CV 4619, 2006 WL 756043, at *3–4 (N.D. Ill. Mar. 23, 2006); *MacCoumber v. Austin*, No. 03 C 9405, 2004 WL 1745751, at *5–6 (N.D. Ill. Aug. 2, 2004).  Indeed, contrary to Plaintiffs' claim that their Demand was rejected, the Board has engaged independent outside counsel, the Jones Day law firm, to assist it in responding to the Demand.  Jones Day has completed significant work already, and anticipates completion of its investigation in the near future.  (Declaration of Daniel E. Reidy (attached as

Ex. A to Memorandum).) The Board should be given the opportunity to complete its investigation and make a decision on the merits of Plaintiffs' Demand.

3.        **Second**, Plaintiffs have not pleaded with particularity facts to support that the Board acted wrongfully. By making the Demand, Plaintiffs tacitly conceded the Board's independence in responding to the Demand, and the deferential business judgment rule therefore applies to the Board's decisions. *Levine v. Smith*, 591 A.2d 194, 212 (Del. 1991), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000). This is a high bar: Plaintiffs must plead that the "[B]oard[']s decision [was] so inexplicable that a court may reasonably infer that the directors must have been acting for a purpose unaligned with the best interest of the corporation," or that the Board was grossly negligent by having failed "to act on an informed basis." *Ironworkers Dist. Council of Phila. & Vicinity Ret. & Pension Plan v. Andreotti*, No. 9714-VCG, 2015 WL 2270673, at *26 & n.254 (Del. Ch. May 8, 2015), *aff'd*, 132 A.3d 748 (Del. 2016). Plaintiffs plead neither.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint without prejudice as premature and provide such further relief as may be just and proper.

Dated: June 15, 2016                                Respectfully submitted,


By: /s/ James W. Ducayet

SIDLEY AUSTIN LLP
Walter C. Carlson
James W. Ducayet
Nilofer I. Umar
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
wcarlson@sidley.com
jducayet@sidley.com
numar@sidley.com

HEYL, ROYSTER,
VOELKER & ALLEN, P.C.
Timothy L. Bertschy
John P. Heil, Jr.
300 Hamilton Boulevard
P.O. Box 6199
Peoria, IL 61601
Telephone: (309) 676-0400
Facsimile: (309) 676-3374
tbertschy@heylroyster.com
jheil@heylroyster.com

*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on June 15, 2016, he caused a true and correct copy of the

foregoing Motion to Dismiss to be served on all counsel of record via the CM/ECF system.


<u>/s/ James W. Ducayet</u>